United States District Court
for the
Southern District of Florida

| | | |
|---|---|---|
| United States of America, Plaintiff, | ) | |
| | ) | |
| v. | ) | Criminal Case No. 17-60158-CR-Scola |
| | ) | |
| Eric James, Defendant. | ) | |

**<u>Order on Defendant's Motion to Suppress Physical Evidence</u>**

Defendant Eric James is charged with being a felon in possession of ammunition, in violation of 18 U.S.C. § 922(g)(1). This matter is before the Court on the Defendant's Motion to Suppress Physical Evidence (ECF No. 21). The Defendant argues that ammunition recovered from the scene of his arrest should be suppressed because he was illegally seized without a warrant or probable cause.

The Court held an evidentiary hearing on the Defendant's motion on January 22, 2018. At the hearing, the Court heard the testimony of Government witness Derek Carseni, who is a detective at the City of Lauderhill Police Department. The Court also reviewed the ammunition seized and the police report. After considering the credible evidence and testimony and the relevant legal authorities, and for the reasons more particularly set forth below, the motion to suppress (**ECF No. 21**) is **denied**.

1. **Summary of testimony**
   A. **Derek Carseni**

Detective Carseni has been employed by City of Lauderhill since 2015. He is currently assigned to deaths and homicides. He has participated in proactive sweeping when the police make contact with members of the community to address criminal activity.

In March 2017, he participated in a sweep with Detective Iwaskewycz and came in contact with the Defendant. Carseni was wearing clothing which clearly depicted him as a police officer.

Carseni observed two males and a female outside a store. The Defendant was one of the two males. Carseni and Iwaskewycz stopped and exited their vehicles and approached the three individuals. His intent was to conduct a consensual encounter.

From approximately 20 feet away, Carseni detected the smell of burning marijuana. Carseni has been trained in the detection of burnt marijuana both at the academy and in his work as a police detective.

Iwaskewycz spoke to the three individuals and Carseni stayed in the background to provide safety for the officer. He does not recall what was said, but noticed James was acting nervously and looked around. At one point, James lifted his hands around his waistband and Carseni approached to conduct a pat down of the Defendant. He felt a hard metal object in Defendant's rear pocket which felt like ammunition. He reached into Defendant's pocket and removed a purple latex glove which contained eleven (11) rounds of ammunition.

An FCIC check was conducted and it was learned that the Defendant was a convicted felon, which led to the charge in this case.

Carseni observed a burnt marijuana cigarette on the street near the three individuals but did not impound or take pictures of the marijuana cigarette.

## 2. Analysis

"The proponent of a motion to suppress has the burden of establishing that his own Fourth Amendment rights were violated by the challenged search or seizure." *Rakas v. Illinois*, 439 U.S. 128, 132 n.1 (1978) (citations omitted). However, if a defendant provides evidence of a "*warrantless* search and seizure, the burden of proof as to the reasonableness of the search rests with the prosecution. The Government must demonstrate that the challenged action falls within one of the recognized exceptions to the warrant requirement, thereby rendering it reasonable within the meaning of the fourth amendment." *United States v. Freire*, 710 F.2d 1515, 1519 (11th Cir. 1983) (emphasis in original) (internal citation omitted). "When an officer is justified in believing that the individual whose suspicious behavior he is investigating at close range is armed and presently dangerous to the officer or to others," then the officer may "take necessary measures to determine whether the person is in fact carrying a weapon." *Terry v. Ohio*, 392 U.S. 1, 24 (1968).

Police officers may also temporarily detain a person they have reasonable suspicion to believe had engaged in, or was about to engage in, a crime. *See id.* The Eleventh Circuit, interpreting *Terry*, has explained:

> The officers were allowed to stop [the defendant] if, under the totality of the circumstances, from the collective knowledge of the officers involved in the stop, they had an objectively reasonable suspicion that [the defendant] had engaged, or was about to

> engage, in a crime. The reasonable suspicion must be more than an inchoate and unparticularized suspicion or hunch. Thus, [w]hile reasonable suspicion is a less demanding standard than probable cause and requires a showing considerably less than preponderance of the evidence, the Fourth Amendment requires at least a minimal level of objective justification for making the stop. It does not require officers to catch the suspect in a crime. Instead, [a] reasonable suspicion of criminal activity may be formed by observing exclusively legal activity.

*United States v. Acosta*, 363 F.3d 1141, 1145 (11th Cir. 2004) (internal quotations and citations omitted).

Under the plain feel doctrine, "[i]f a police officer lawfully pats down a suspect's outer clothing and feels an object whose contour or mass makes its identity immediately apparent, there has been no invasion of the suspect's privacy beyond that already authorized by the officer's search for weapons; if the object is contraband, its warrantless seizure would be justified by the same practical considerations that inhere in the plain-view context." *Minnesota v. Dickerson*, 508 U.S. 366, 375-76 (1993).

The Defendant argues that he was illegally searched because he did not refuse to comply with the officers' commands, nor did he attempt to flee, or appear to be holding any object in his waistband. (Mot. at 5.) However, the Government argues that the search was justified by the smell of burnt marijuana and further by the Defendant's behavior. (Resp., ECF No. 24 at 2.) The Court finds that the seizure of the ammunition was justified under both the plain-feel doctrine and as a result of the reasonable suspicion that James had engaged in a crime – possessing marijuana.

Based upon the evidence presented and the credible testimony, the Court finds that Detectives Carseni and Iwaskewycz's contact with James began as a consensual encounter in a public place. The Court further finds that, based upon their training, the smell of burnt marijuana gave the detectives sufficient reason to temporarily detain James. Thereafter, James's nervousness, fidgeting, and reaching for his waistband gave the detectives reasonable concern for their safety, and to conduct a *Terry* search. Upon conducting the pat-down, when Detective Carseni felt what he determined to be ammunition, based upon the plain feel doctrine, it was reasonable for him to seize it. Moreover, there was no indication that the length of time between the seizure of the bullets from James and the determination that he was a convicted felon by running the FCIC check was unreasonable.

### 3. Conclusion

Accordingly, the frisk of the Defendant was supported by reasonable suspicion. The Court therefore **denies** the Defendant's motion to suppress (**ECF No. 21**).

**Done and ordered** at Miami, Florida on January 22, 2018.

_____
Robert N. Scola, Jr.
United States District Judge